J-S08010-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYREE BROWN, | : | |
| | : | |
| Appellant | : | No. 1228 EDA 2014 |

Appeal from the PCRA Order March 17, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0011343-2007

BEFORE:  DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.:               **FILED FEBRUARY 13, 2015**

Tyree Brown ("Brown") appeals the March 17, 2014 order entered by the Philadelphia County Court of Common Pleas, Criminal Division, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, as untimely.  We affirm.

The trial court aptly summarized the relevant facts and procedural history of this case as follows:

> On February 23, 2009, pursuant to negotiation between the parties, Brown pled guilty to the following offenses:  Murder of the Third Degree ("Murder"), 18 Pa.C.S. § 2502(c); Robbery – Threatening Serious Bodily Injury ("Robbery"), 18 Pa.C.S. § 3701(a)(1)(ii); and Criminal Conspiracy – Engaging in Murder of the Third Degree ("Conspiracy"), 18 Pa.C.S. § 903(a)(1).  On February 23, 2009, the [c]ourt sentenced Brown to the following terms of incarceration:  twenty to forty (20-40) years [of] incarceration for Murder, consecutive to eight to twenty (8-20) years [of]

incarceration for Robbery to run concurrently with eight to twenty (8-20) years [of] incarceration for Conspiracy. Brown was represented by Daniel Stevenson, Esquire at trial. Because Brown did not file a post-sentence motion or notice of appeal, his sentence became final thirty days from sentencing, March 25, 2009. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903.

Brown allegedly asked Trial Counsel to file an appeal on the date of his sentencing, February 23, 2009. PCRA Pet. at 2. Brown allegedly never heard from Trial Counsel and wrote a letter inquiring about the status of his appeal on March 25, 2009. ***Id.*** Attached to Brown's PCRA Petition was a letter appearing to be from Brown to Trial Counsel. PCRA Pet. (Ex. A). Contrary to his claim that he sent a letter March 25, 2009, the letter attached to his petition is dated March 5, 2009, and indicates that it was Brown's second letter to Trial Counsel although Brown's Petition is silent regarding other letters. ***Id.***

Approximately three years later, on March 19, 2012, Brown alleges that he wrote the Superior Court of Pennsylvania to inquire about the status of his appeal. PCRA Pet. at 2. On June 4, 2012, Brown was allegedly informed by the Prothonotary's Office of the Superior Court that they had no appeal on file. ***Id.*** Brown attached the alleged letter from the Prothonotary's Office to his Petition. PCRA Pet. (Ex. A).

On July 6, 2012, Brown untimely filed a pro se PCRA Petition, therein asking the [c]ourt to reinstate his appeal rights because Trial Counsel was ineffective and abandoned him because counsel did not file Brown's requested appeal. Brown's sentence became final on March 25, 2009 as no motion or notice of appeal was filed. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Brown then had one year, until March 25, 2010, to file a PCRA Petition. 42 Pa.C.S. § 9545(b)(1). Thus, Brown's pro se PCRA Petition on July 6, 2012 was more than two years after the

statute of limitations expired and more than three years after his sentence became final.

On August 9, 2012, Brown filed an untimely Motion to Amend his pro se PCRA Petition, characterizing his claim as one upon which the facts were unknown to him and could not have been ascertained by the exercise of due diligence. PCRA Pet. Amend. Brown further claimed that since he was not aware of the facts until he received notice from the Prothonotary's Office of the Superior Court on June 4, 2012, his claim was presented well within 60 days. *Id.* On May 5, 2013, Brown was appointed PCRA Counsel, John P. Cotter, Esquire.

On September 24, 2013, PCRA Counsel, acting in accordance with ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988), filed a Motion to Withdraw as Counsel and a letter stating that the issues raised in Brown's pro se PCRA petition were meritless and that no issues of arguable merit could be raised in a counseled petition.

On January 13, 2014, after conducting its own independent review of the record, this [c]ourt agreed with PCRA Counsel and issued Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. Brown filed his response on February 7, 2014. The [c]ourt formally dismissed Brown's PCRA petition by order dated March 17, 2014 and granted PCRA Counsel leave to withdraw from further representation of Brown.

On April 10, 2014, Brown timely filed a Notice of Appeal to the Superior Court. On April 17, 2014, the [c]ourt ordered Brown to file a Concise Statement of Matters Complained of pursuant to Pa.R.A.P. 1925(b) ("1925(b) Statement"). On May 7, 2014, Brown complied and filed his 1925(b) Statement[.]

Trial Court Opinion, 7/21/14, at 1-3.

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three following statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

Here, Brown's PCRA petition, as the trial court points out, is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" **Monaco**, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)). The trial court entered Brown's judgment of sentence on February 23, 2009. Brown filed no post-sentence motions or a direct appeal. Therefore, Brown's judgment of sentence became final thirty days from February 23, 2009, or March 25, 2009. **See** Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."). Under section 9545(b)(1), Brown needed to file a PCRA petition one year from March 25, 2009, or March 25, 2010. Brown did not file his PCRA petition until July 6, 2012. Accordingly, we are without jurisdiction to decide Brown's appeal unless he pled and proved one of the three timeliness exceptions of section 9545(b)(1). **See Derrickson**, 923 A.2d at 468.

In this case, Brown pled the exception under section 9545(b)(1)(ii), averring that he did not know that his trial counsel did not file a direct appeal on his behalf until June 4, 2012, well within sixty days of when he filed his PCRA petition. Amended PCRA Petition, 8/9/12, ¶ 1. However, Brown has failed to raise this issue in his 1925(b) statement and in his appellate brief on appeal. In **Commonwealth v. Hill**, 16 A.3d 484 (Pa.

2011), our Supreme Court stated the following with respect to waiver under Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to ad hoc exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court sua sponte, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.

*Id.* at 494 (footnote omitted). Accordingly, Brown has waived the issue on appeal.

Moreover, even if Brown had successfully preserved his argument that his PCRA petition meets the timeliness exception of 9545(b)(1)(ii), we find that it is without merit. In ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001), our Court held the following:

> Trial counsel's failure to file a direct appeal was discoverable during Appellant's one-year window to file a timely PCRA petition. In fact, the expiration of Appellant's time to file a direct appeal initiated the PCRA's one-year clock. Thus, Appellant had a full year to learn if a direct appeal had been filed on his behalf. A phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed. Due diligence requires that Appellant

> take such steps to protect his own interests. The mere fact that Appellant alleges his trial counsel was ineffective for not filing his appeal does not save his petition from the PCRA's timeliness requirements.

*Id.* at 1168. Here, Brown allegedly contacted trial counsel inquiring about the status of his appeal in March 2009. Although he allegedly got no response, he waited almost three years to make further inquiry to the Superior Court regarding the status of his appeal. These facts establish his lack of diligence. Therefore, Brown has failed to plead and prove an exception under section 9545(b)(1), and we are without jurisdiction to address the merits of his appeal.

Brown filed a motion to dismiss the Commonwealth's brief because the Commonwealth filed its brief late, after already having received one extension to file a brief. Given our disposition of this appeal, we deny Brown's motion as moot. *See Commonwealth v. Bricker*, 41 A.3d 872, 881 (Pa. Super. 2012) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.").

Order affirmed. Motion to dismiss the Commonwealth's brief denied as moot.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015

- 7 -